JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| BIRE II LLC and HIGH POINT HOLDINGS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> HELEN HORWICH and DOES 1-5, inclusive, <br><br> Defendant. | Case No.: SACV 23-02277-CJC (ADSx) <br><br><br> **ORDER *SUA SPONTE* REMANDING CASE FOR SECOND TIME** |

Plaintiffs Bire II LLC and High Point Holdings, LLC filed this unlawful detainer action in state court on February 24, 2023.  (*See* Dkt. 1 [Notice of Removal, hereinafter "NOR"], Ex. 2 at 2, Ex. 4 [First Amended Complaint filed in April 2023].)  Defendant Helen Horwich, acting *pro se*, filed an answer in state court on September 19, 2023.  (*See* Case No. SACV 23-01977-CJC (JDEx), Dkt. 7.)  She then removed the case to this Court on October 20, 2023.  (*Id.* Dkt. 1.)  The Court *sua sponte* remanded the case on October 25, 2023, explaining that the Court lacked subject matter jurisdiction.  (*Id.* Dkt. 7.)  On December 1, 2023, Defendant removed the case a second time.  Concerningly, it appears

that trial in state court may have been set for December 4, 2023.  (*See* Dkt. 1, Ex. 2 at 2.) And based on documents filed with the Notice of Removal, Plaintiff contends that Defendant has "stretched out the [unlawful detainer] process by 8 months" with "frivolous delay tactics." (*Id.* at 9.)

A defendant may remove a civil action filed in state court to a federal district court if the federal court would have had original jurisdiction over the action.  28 U.S.C. § 1441.  Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue.  *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments.").  They have subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000.  28 U.S.C. §§ 1331, 1332.  Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941).  Indeed, "[n]othing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotations omitted).  The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction, and the removal statute is strictly construed against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  A "court may—indeed must—remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction." *GFD, LLC v. Carter*, 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012).

The Court lacks subject matter jurisdiction over this case.  Plaintiffs' First Amended Complaint states a single claim for unlawful detainer under California law.

(Dkt. 1, Ex. 4.) It does not include any claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019). Defendant contends that she is "a tenant protected under the Obama's 'Protecting Tenants at Foreclosure Act of 2009,'" (NOR at 1–2), but her potential defenses or counterclaims against Plaintiffs are not enough to invoke this Court's subject matter jurisdiction. *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002) (explaining that the general removal statute does not permit removal based on counterclaims); *ARCO Envtl. Remediation, L.L.C. v. Dept. of Health and Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000) ("[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims."); *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) (similar).

Next, even if there is diversity jurisdiction as Defendant contends, (NOR at 5), Defendant may not remove this case based on diversity jurisdiction because she herself is a local defendant. "A civil action otherwise removable" based on diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *see Spencer v. U.S. Dist. Ct. for N. Dist. of Cal.*, 393 F.3d 867, 870 (9th Cir. 2004). "This forum defendant rule reflects the belief that [federal] diversity jurisdiction is unnecessary because there is less reason to fear state court prejudice against the defendants if one or more of them is from the forum state." *Spencer*, 393 F.3d at 870 (citation and quotes omitted). Defendant concedes that she is a citizen of California, (NOR ¶¶ 12, 14), so she may not remove this case based on diversity jurisdiction.

Contrary to Defendant's argument, this is also not a proper "civil rights removal." (NOR at 13.) 28 U.S.C. § 1443(1) provides that a defendant may remove a civil action

commenced in state court if she "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States[.]" The Supreme Court has established a two-prong test to determine whether removal is proper under § 1443(1). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality,'" rather than a constitutional or statutory provision of general applicability or pursuant to a statute that does not protect specifically against racial discrimination. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (citation omitted). "Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'" *Id.* This "normally requires that the 'denial be manifest in a formal expression of state law,' such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" *Id.* (citations omitted). Defendant has failed to demonstrate this action falls within the ambit of Section 1443(1). Plaintiff's contention that Section 1443(1) applies because "there is a pervasive state statutory program which both on its face and as applied discriminates unfairly against pro se litigants," (NOR at 11), fails to identify a a "federal law 'providing for specific civil rights stated in terms of racial equality,'" rather than a law of general applicability, *id.*, or "a California statute or constitutional provision that purports to command the state court to ignore [her] federal civil rights," *Wong v. Kracksmith, Inc.*, 764 F. App'x 583, 584 (9th Cir. 2019) (mem.).

Finally, it also appears that Defendant's removal was untimely. A defendant must remove a civil case within thirty days of being served. 28 U.S.C. § 1446(b)(1). Though the Court does not know exactly when Defendant was served, it is clear that she removed after this deadline because she removed the case more than thirty days after she filed an answer to Plaintiffs' First Amended Complaint in state court.

Accordingly, the Court *sua sponte* **REMANDS** this case to Orange County Superior Court. The Court warns Defendant that all filings in federal court are subject to Federal Rule of Civil Procedure 11, which forbids presenting filings "for any improper purpose, such as to . . . cause unnecessary delay" and authorizes sanctions for violations. If Defendant attempts to improperly remove this case again, the Court may be forced to impose appropriate monetary sanctions against her.

DATED: December 6, 2023

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE